# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| EDGAR TONEL, Individually and for Others Similarly Situated,<br><br>v.<br><br>ASSOCIATED STAFFING, INC. | Case No. 4:20-cv-00283<br><br>FLSA Collective Action<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Associated Staffing, Inc. failed to pay overtime as required by federal law.

2. Instead, Associated Staffing paid Edgar Tonel, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

### JURISDICTION AND VENUE

3. Because this case raises a federal question under 29 U.S.C. § 216(b), this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because, among other things: (1) Associated Staffing maintains an office in this District; (2) Associated Staffing is a resident of this District; (3) Associated Staffing hired Tonel in the Southern District of Texas; and (4) Associated Staffing paid Tonel in the Southern District of Texas.

### THE PARTIES

**Edgar Tonel**

5. Tonel is a resident of the Southern District of Texas, Houston Division.

6. Tonel worked for Associated Staffing from March to June 2018, and again from January 2019 to December 2019.

7. Associated Staffing employed Tonel as a Structural Engineer.

8. Tonel was an hourly employee of Associated Staffing.

9. His written consent is attached hereto.

**Associated Staffing, Inc.**

10. Associated Staffing is a specialized engineering technical services organization with offices located in, among other places, Houston, TX.

11. Associated Staffing may be served with process by serving its registered agent.

12. In each of the past 3 years, Associated Staffing's gross volume of sales done has exceeded $1,000,000.

13. Associated Staffing operates in states across the country.

### FACTS

14. Associated Staffing is a staffing company specializing in providing engineers and other technical employees for engineering, design, and field support projects throughout the United States.

15. Associated Staffing's business includes hiring and paying technical workers, like engineers, for the work they perform.

16. Associated Staffing paid Tonel by the hour but did not pay him overtime.

17. When it first hired Tonel, Associated Staffing told him he would be paid $55 an hour.

18. However, Associated Staffing tried to avoid characterizing Tonel's full hourly rate as his "regular rate" by artificially designating a portion of Tonel's hourly rate as a "labor rate" and a portion as an hourly "per diem."

19. Associated Staffing informed Tonel that, for tax purposes, his hourly rate for the first 40 hours of each workweek would be split in half.

20. For the first 40 hours in a week, Tonel received a "labor rate" of $27.50 per hour worked and a hourly "per diem" of $27.50 per hour.

21. If Tonel worked fewer than 40 hours in a workweek, he would be paid (at most) his "labor rate" and hourly per diem rate for the hours he worked.

22. If he worked more than 40 hours in a week, Tonel received $55 an hour for those hours.

23. Tonel reported the hours he worked to Associated Staffing on a regular basis.

24. Associated Staffing has accurate records of the hours Tonel worked.

25. The overtime hours Tonel worked are reflected in Associated Staffing's records.

26. For example, in the pay period ending February 17, 2019, Tonel worked 48 hours.



27. Associated Staffing paid Tonel $55 an hour for his hours up to 40 ($27.50/hr in "labor" pay and $27.50/hr in "per diem").

28. Associated Staffing paid Tonel at his "straight time" rate of $55 an hour for the 8 hours of overtime he worked that week.

29. Thus, rather than paying Tonel 1.5 times his "regular rate" for overtime hours, Associated Staffing paid Tonel "straight time for overtime."

30. Associated Staffing's "straight time for overtime" scheme violates the FLSA.

31. Associated Staffing knew the overtime requirements of the FLSA.

3

32. Despite knowing what the FLSA required, Associated Staffing failed to pay certain hourly employees, such as Tonel, overtime.

33. Associated Staffing tried to conceal its "straight time for overtime" pay plan by hiding a portion of its workers' regular pay as an hourly, non-taxable "per diem."

34. Associated Staffing's failure to pay overtime to Tonel, and the other workers like him, was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

35. Associated Staffing's illegal "straight time for overtime" policy extends well beyond Tonel.

36. Tonel brings this case on behalf of himself and these similarly situated employees.

37. Specifically, Tonel brings this action on behalf of the following class:

> **All employees who Associated Staffing paid "straight time for overtime" at any point in the past 3 years (the FLSA Class).**

38. Associated Staffing's "straight time for overtime" payment plan is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

39. As with Tonel, Associated Staffing has accurate records of the hours worked by the FLSA Class.

40. Associated Staffing has accurate records of the wages paid to the FLSA Class.

41. Any differences in job duties do not detract from the fact that each of these hourly workers were entitled to overtime pay.

42. The FLSA Class impacted by Associated Staffing's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION
### (FLSA Collective Action)

43. The FLSA requires that overtime be paid at 1.5 times an employee's "regular rate" for all hours in excess of 40 in a workweek.

44. By failing to pay Tonel and the FLSA Class overtime at 1.5 times their regular rates, Associated Staffing violated the FLSA's overtime provisions.

45. Associated Staffing attempted to conceal its violation of the FLSA by designating a portion of Tonel's hourly rate as a "labor rate" and a portion as hourly "per diem."

46. When, as here, the amount of per diem varies with the number of hours worked, the per diem payments are to be included in the employee's regular rate "in their entirety." Department of Labor, *Field Operations Handbook* § 32d05a(c); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041 (5th Cir. 2010).

47. Accordingly, Tonel's "regular rate" was $55 per hour.

48. Tonel's overtime rate should have been $82.50 per hour.

49. Associated Staffing paid Tonel $55 for each hour worked, including overtime hours.

50. Associated Staffing owes Tonel and the FLSA Class the difference between the rate actually paid and the proper overtime rate.

51. Because Associated Staffing knew, or showed reckless disregard for whether, its pay practice violated the FLSA, Associated Staffing owes these wages for at least the past three years.

52. Associated Staffing is liable to Tonel and the FLSA Class for an amount equal to all unpaid overtime wages as liquidated damages.

53. Tonel and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

54. Tonel demands a jury on all issues so triable.

## PRAYER

Tonel prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

2. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

3. Liquidated damages to the fullest extent permitted under the law;

4. Attorneys' fees and costs to the fullest extent permitted under the law;

5. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

6. All such other and further relief to which Tonel and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
James A. Jones
Texas Bar No. 10908300
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com
jjones@brucknerburch.com

Andrew Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

DocuSign Envelope ID: 8A050FD5-6AA9-4E7A-BD86-E5BD9B4873EC

## CONSENT TO JOIN WAGE CLAIM

Print Name: Edgar M. Tonel

1. I hereby consent to participate in a collective action lawsuit against **Associated Staffing, Inc.** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *[DocuSigned signature]*
BB575B052F4540E...